IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES B. SKILES, #293150,       )
                                          )
      Plaintiff,             )
                                          )
v.                               )    CASE NO. 2:19-CV-524-MHT-KFP
                                          )
KAY IVEY, et al.,            )
                                          )
      Defendants.       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Defendants' Special Report and Answer, as supplemented, is before the Court. Docs. 24, 28, 30. For the reasons discussed below, the Court now treats Defendants' Special Report as a Motion for Summary Judgment and RECOMMENDS that it be GRANTED and this case be DISMISSED with prejudice.

## I.    BACKGROUND

On July 22, 2019, Plaintiff, an inmate at Ventress Correctional Facility, initiated the instant 42 U.S.C. § 1983 action against Governor Kay Ivey, Commissioner Jefferson S. Dunn, and Warden Gwendolyn Givens. Doc. 1. Upon reviewing the Complaint, the Court issued an order determining that many of Plaintiff's claims were insufficient,[1] limiting his future claims to those "that actually affected him within the past two years, i.e., since July

---

[1] The Court determined that Plaintiff's claims failed because they were statutorily barred, he lacked standing, he used an improper avenue for relief, and his claims were meritless. Doc. 13. Additionally, the Court concluded that Plaintiff's Complaint was a "shotgun-type pleading in that it sets forth an excessive number of facts with no clear organization for the purpose of describing the plaintiff's causes of action against the individuals named as defendants." Doc. 13 at 4.

19, 2017[,]" and directing Plaintiff to file an Amended Complaint in accordance with Rules

8 and 10(b) of the Federal Rules of Civil Procedure. Doc. 13.

In his Amended Complaint, the Plaintiff provided the following statement:

Approximately 30 July 2019-26 Aug 2019 and there prior is where the prison is so clearly severely overcrowded, understaffed, underbudgeted, and resources are so severely depleted which in turn leads/been leading to server plague of violence is 8th Amendment constitutional right cruel and unusual punishment. Dangerous, unsafe and unsanitary conditions overcrowded, depleted resources, which inturn leads to cruel and unusual punishment. U.S. Const. amend. VIII. Petitioner asserts that the epidemic plague of violence open bay dormitories with numerous blind spots with hardly any officers to monitor there have been many incidents of violence to include an recent death (stabbing) of inmate Ventress cont also there have been numerous rapes, murders, kiddnappings, extortions, ransom demands and violent assaults. At Ventress. Petitioner has had to take drastic measures to protect himself from the daily plague of violence/maltreatment/manifestations. U.S. Const. amends. I, V, VI, VIII, XIV.

Doc. 17 at 2–3.

In response, Defendants filed a special report that included an affidavit from Warden

Givens. Docs. 24, Ex. 1. The affidavit provides the following statement:

I was assigned to Ventress Correctional Facility as of May 1, 2019 and was later assigned to William E. Donaldson Correctional Facility as Correctional Warden III as of July 16, 2019. There is an understanding of the overcrowding of prison facilities of which I have no control. As a Corrections Professional, we provide security, custody and control. In response to inmate Skiles addressing 8th Amendment, Cruel and Unusual Punishment, I have not violated his 8th Amendment.

Doc. 24, Ex. 1.

Defendants later supplemented the special report with an affidavit from Governor

Ivey.[2] The affidavit provides the following statement:

---

[2] At the direction of the Court (Docs. 25, 29), Defendants filed supplements to their special report, denying that they acted with deliberate indifference towards Plaintiff. Docs. 28, 30.

Until my lawyer informed me about the existence of this lawsuit, I had never heard of the plaintiff, James B. Skiles. Even now, I do not know anything about Mr. Skiles, other than that he is the plaintiff in this lawsuit.

I understand that Mr. Skiles claims to be an inmate housed at Ventress Correctional Facility, but I do not personally know if he is housed there or even if he is currently an inmate in any Alabama prison. If he is an inmate in some Alabama prison, I do not know anything about the specific conditions in which Mr. Skiles, in particular, is being housed.

As Governor, I do not directly manage any one prison, or even the prison system as a whole. My role with respect to the Alabama prison system is limited to appointing the Corrections Commissioner and proposing a budget for the Department of Corrections.

. . . .

Doc. 28, Ex. 1.

On October 23, 2020, the Court ordered that Plaintiff file a response supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 31. The Order advised that, unless a party objected within fifteen days and presented sufficient legal cause, the Court may, at any time after Plaintiff's response deadline and without further notice, treat Defendants' Special Report and supporting materials as a motion for summary judgment and, after considering any response, rule on the motion. Doc. 31 at 2. On November 16, 2020, Plaintiff filed a response to the order. Doc. 32. In his response, he alleges that as a result of being housed in unconstitutional conditions, he "suffered a severe weight loss of sixty pounds . . . ." Doc. 32 at 4. He identifies "general overcrowding[,] . . . understaffing[,] . . . [and] under resourcing" as the cause of his suffering, arguing those conditions led to "inmate violence, . . . correctional[-]officer violence, [and] extorsion[.]" Doc. 32 at 5–6. The Court now treats Defendants' Special

Report and supplements as a motion for summary judgment and recommends that the motion be granted.

## II.   LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law." A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. . . . [and] 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party seeking summary judgment must inform the court of the basis for its motion and alert the court to portions of the record that support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied this burden, the nonmovant is similarly required to cite portions of the record showing the existence of a material factual dispute. *Id.* at 324. To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In making its determination, the court must view all the evidence in the light most favorable to the nonmovant and draw all justifiable inferences from the evidence in the nonmoving party's favor. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see* Fed. R. Civ. P. 56(a).

To establish a genuine dispute of material fact, the nonmoving party must produce evidence so that a reasonable trier of fact could return a verdict in his favor. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (citing *Patterson & Wilder Constr. Co. v . United States*, 226 F.3d 1269, 1273 (11th Cir. 2000)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and pro se complaints are entitled to liberal interpretation, a pro se litigant still must present sufficient evidence establishing a genuine dispute of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see Beard v. Banks*, 548 U.S. 521, 529–31, 534 (2006). In other words, a defendant's pro se status does not mandate a court's disregard of elementary principles of production and proof in a civil case.

## III.   DISCUSSION

Plaintiff's Amended Complaint still contains several deficiencies and fails to establish a genuine issue of material fact. Accordingly, dismissal is appropriate.

### A.   Plaintiff's Amended Complaint lacks sufficient factual support.

Although the Court provided Plaintiff specific instructions (Doc. 13), Plaintiff's Amended Complaint still fails to conform to Rule 8(a)(2) of the Federal Rules of Civil Procedure. Doc. 17. The Court directed Plaintiff to file an Amended Complaint containing a short and plain statement and omitting superfluous and irrelevant facts. Doc. 13 at 7. The

order warned Plaintiff that vague, conclusory allegations are subject to dismissal. Doc. 13 at 7 (citing *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)). Still, Plaintiff's Amended Complaint fails to make any specific allegations concerning unconstitutional actions taken by the Defendants against him. Doc. 17. Rather, in both his Amended Complaint and response, he continues to complain generally about the overcrowding at Ventress. Docs. 17 at 2–3, 32 at 5–6. The Amended Complaint also includes superfluous facts, many of which are irrelevant to Plaintiff's claims. Doc. 17 at 2–3, 32 at 5–6. Despite having a second chance to plead his claims and guidance in doing so, Plaintiff failed to abide by the Federal Rules of Civil Procedure. As such, dismissal is appropriate.

### B. Plaintiff lacks standing to assert constitutional violations on behalf of other inmates.

The Court's order provided Plaintiff a comprehensive explanation of the standing requirement. Doc. 13 at 2–3. Specifically, the Court explained that an inmate lacks standing "to assert claims relative to conditions of confinement [or actions] to which other inmates have been subjected at correctional facilities throughout the Alabama prison system." Doc. 13 at 2–3 (citing *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984)); *Charest v. Riley*, No. 2:10-CV-51-MHT, 2010 WL 797156, at *1, *2–3 (M.D. Ala. Mar. 8, 2010) (plaintiff lacked standing to assert constitutional violations on behalf of other inmates).

However, Plaintiff's Amended Complaint and his response still appear to allege constitutional violations on behalf of his fellow inmates. Docs. 17, 32. For example, his Amended Complaint discusses a "[r]ecent death (stabbing)[,] . . . [and] numerous [r]apes,

murders, kiddnappings [sic], extortions, [r]ansom demands, and violent assaults[,]" and he does not allege he is the victim of these occurrences. Doc. 17 at 3. Additionally, his response includes various general complaints of violence, lack of resources, overcrowding, and understaffing. Doc. 32 at 5–7. As previously explained, these claims regarding conditions of confinement are shared with other inmates throughout the Alabama prison system. Doc. 13 at 2–3 (citing *Saladin*, 812 F.2d at 690; *Allen*, 468 U.S. at 751). Accordingly, Plaintiff lacks standing to assert the claims on behalf of those inmates. *Saladin*, 812 F.2d at 690; *Allen*, 468 U.S. at 751; *Charest*, 2010 WL 797156.

### C. Plaintiff fails to state a claim for prison overcrowding and understaffing in violation of his constitutional rights.

A prisoner's conditions of confinement are subject to constitutional scrutiny. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). However, only actions that deny inmates "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment proscribes those conditions of confinement that involve the wanton and unnecessary infliction of pain. *Id*. at 346. For liability to attach, the challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to [an inmate's] future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289–90 (11th Cir. 2004) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Indeed, in order to violate the Eighth Amendment, the risk of harm from the condition must be "so grave that it violates contemporary standards of decency to expose *anyone* unwilling to such a risk." *Id.* (quotation marks and citation omitted) (emphasis in original).

7

The Eighth Amendment is particularly concerned with "deprivations of essential food, medical care, or sanitation" and "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Prison conditions that may be "restrictive and even harsh, are part of the penalty that criminal offenders pay for their offenses against society" and, therefore, do not necessarily constitute cruel and unusual punishment within the meaning of the Eighth Amendment. *Id*. at 337. However, conditions may not be "barbarous" and cannot contravene society's "evolving standards of decency." *Id*. at 345–46. Although "[t]he Constitution 'does not mandate comfortable prisons' . . . neither does it permit inhumane ones[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes*, 452 U.S. at 349); *Helling*, 509 U.S. at 31–32.

To demonstrate an Eighth Amendment violation regarding conditions of confinement, a prisoner must satisfy both a subjective and objective inquiry. *Farmer*, 511 U.S. at 834. Satisfying the subjective prong does not require that the prison official purposefully acted to cause harm, but it does involve something beyond mere negligence. *Id.* Indeed, Defendants must know of and disregard an "excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id.*

Plaintiff's claims of overcrowding, understaffing, and underfunding do not amount to an Eighth Amendment violation. While his claims may demonstrate restrictive or harsh conditions, they are not the sorts of "barbarous" conditions that the Eighth Amendment protects. *See Champman*, 452 U.S. at 337–48. The Eighth Amendment does not guarantee

Plaintiff a comfortable prison, just a humane one. *Farmer*, 511 U.S. at 832. Accordingly, Plaintiff's allegations are not grave enough to invoke the Eighth Amendment. *See Rhodes*, 452 U.S. at 347.

Further, Plaintiff has not proven the subjective element of this claim—that Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety. *Farmer*, 511 U.S. at 834. Defendants' undisputed affidavits show that they lacked knowledge of any excessive risk to Plaintiff's health or safety. Docs. 24, Ex. 1, 28, Ex. 1. Accordingly, they could not have disregarded the alleged risk. Thus, the Court concludes that no genuine issue of material fact exists as to Plaintiff's Eighth Amendment claim.

> **D. Plaintiff cannot succeed on claims of respondeat superior or vicarious liability and failed to show that Defendants are liable based on their own actions.**

Supervisory officials cannot be held liable in § 1983 actions under any theory of respondeat superior or vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396–97 (11th Cir. 1994); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001). Liability can attach to government officials only if they "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [their] actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360. A causal connection may be established when (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so[,]" (2) "a supervisor's custom or policy. . . result[s] in deliberate

indifference to constitutional rights[,]" or (3) "facts support an inference that the supervisor directed the subordinate to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (citations omitted).

Because Plaintiff's § 1983 claim precludes theories of respondeat superior or vicarious liability, Defendants can only be liable for their own misconduct. *See Belcher*, 30 F.3d at 1396–87; *Cottone*, 326 F.3d at 1360; *Marsh*, 268 F.3d at 1035; *Iqbal*, 556 U.S. at 676–77. Thus, Plaintiff must prove that Defendants "personally participate[d] in the alleged unconstitutional conduct or [that] there is a causal connection between [their] actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360. Plaintiff has failed to do so because he has not demonstrated Defendants' personal involvement in the general overcrowding and understaffing at Ventress. Defendants' undisputed affidavits show that they were not personally involved in the overcrowding and understaffing issues at Ventress. Docs. 24, Ex. 1, 28, Ex. 1. Further, Plaintiff fails to allege any facts demonstrating a causal connection between Defendants and the unnamed subordinates. As such, there is no genuine dispute of material fact and summary judgment is appropriate.

## IV.    CONCLUSION

The Magistrate Judge RECOMMENDS that Defendants' motion for summary judgment (Doc. 24), as supplemented (Docs. 28, 30), be GRANTED and that this case be DISMISSED with prejudice, with costs taxed against Plaintiff.

Further, it is ORDERED that the parties may file any objections to this Recommendation by **June 21, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous,

conclusive, or general objections will not be considered. Failure to file written objections to the magistrate judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the district court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE 7th day of June, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE