IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JAMES B. SKILES,              )
                              )
    Plaintiff,                )
                              )      CIVIL ACTION NO.
    v.                        )        2:19cv524-MHT
                              )            (WO)
KAY IVEY and WARDEN           )
GWENDOLYN GIVENS,             )
                              )
    Defendants.               )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state inmate, filed this lawsuit contending that severe overcrowding has caused dangerous conditions of confinement. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendants' motions for summary judgment be granted. There are no objections to the recommendation. After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted to the extent that it recommends that summary judgment be

entered in favor of defendants because plaintiff has failed to put forward sufficient evidence to create a genuine dispute of material fact as to the subjective prong of the deliberate-indifference standard. As this holding is dispositive, the court need not address and declines to adopt the other findings in the report and recommendation.

However, the court notes that it does not agree with the statement in the recommendation that the conditions described by the plaintiff in his "claims ... are not the sorts of 'barbarous' conditions that the Eighth Amendment protects." Report and Recommendation (Doc. 33) at 9. Plaintiff's allegations that Ventress Correctional Facility is rife with "numerous rapes, murders, kidnappings, extortions, ransom demands and violent assaults," Amended Complaint (Doc. 17) at 3, and that he "has had to take drastic measures to protect himself from the daily plague of violence ... [a]t Ventress," *id.*, because the facility is so "overcrowded [and] understaffed," *id.*, implicates

the right to "humane conditions of confinement" recognized in *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *See also Farmer* at 834 ("Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1994)). Furthermore, the fact that plaintiff does not allege that he already has been violently attacked does not doom his suit. Although his poorly drafted, pro se complaint did not say anything about the remedy he seeks, plaintiff belatedly clarified that he is seeking only injunctive relief,* and the law is clear that "a remedy for unsafe conditions need not await a tragic event ... [and] a prisoner need not wait until he is actually assaulted before obtaining relief."

---

* *See* Plaintiff's Response to Special Report (Doc. 32) at 9 ("It should also be duly noted that the Plaintiff in this ... Civil Action ... has not, nor does he intend to, request financial compensation for retribution to his alleged civil rights violations in question. This Civil Suit is not directly about financial compensation, but about the positive changing and forward advancement of a broken and failing system.").

*Helling v. McKinney*, 509 U.S. 25, 33, 34 (1993) (citation omitted).  The problem with plaintiff's case is not that he is seeking a "comfortable prison[]," which the report and recommendation correctly notes is not mandated by the Constitution.  Report and Recommendation (Doc. 33) at 9 (citing *Farmer*, 511 U.S. at 832).  It is that he has utterly failed to present sufficient evidence in support of his claim.

    An appropriate judgment will be entered.

    DONE, this the 26th day of July, 2022.

                                   /s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**